IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES REED,

                                                                                            OPINION AND ORDER

                              Plaintiff,

                                                                                                 20-cv-90-bbc

    v.

JOLINDA WATERMAN, SANDRA MCARDLE,
MAXIM PHYSICIAN RESOURCES, KEMMERLING,
NURSE PINTZ, DEPARTMENT OF CORRECTIONS
AND JOHN AND JANE DOES,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff James Reed is incarcerated at the Wisconsin Secure Program Facility. He has filed this proposed civil action under 42 U.S.C. § 1983, contending that staff at the facility failed to provide him adequate medical care for his frozen shoulder, in violation of the Eighth Amendment and state negligence law. Because plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A.

      Because I conclude that plaintiff has failed to state any claim for relief against defendants, I will dismiss this case. For the reasons below, I am dismissing the complaint for plaintiff's failure to state a claim upon which relief may be granted against any of the defendants and directing the clerk of court to record a strike in accordance with 28 U.S.C. § 1915(g).

      Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

Plaintiff is currently incarcerated at the Wisconsin Secure Program Facility where most of the defendants are employed. Jolinda Waterman is the health services unit manager, Sandra McArdle is a nurse practitioner, Kemmerling and Pintz are nurses and John and Jane Doe are medical staff. Defendant Maxim Physician Resources is McArdle's employer and has a contract with defendant Department of Corrections.

Plaintiff has asthma. In addition, after receiving an injection at the end of 2018, plaintiff has suffered from a chronic and debilitating condition called "frozen shoulder" that causes him difficulties in sleeping, washing and caring for himself and participating in recreation. Plaintiff has informed the health services unit staff of both health conditions on numerous occasions.

On April 3, 2019, plaintiff saw defendant McArdle for his asthma and told her that he was experiencing pain in his shoulder that was preventing him from performing many daily activities. McArdle did not review his medical file or ask him about his current medications, but she ordered an x-ray, muscle rub and acetaminophen. Unbeknownst to plaintiff, another provider already had prescribed him a stronger pain medication, Meloxicam, which was delivered to his unit on May 3, 2019. Plaintiff was not told anything about the drug or what it was for.

The Meloxicam provided plaintiff with some relief for his shoulder pain, but it caused him to have severe breathing difficulties, even with the use of his asthma inhaler. After plaintiff asked the health services unit about the Meloxicam, he received written information stating that it has potential side effects for asthmatics. Plaintiff then submitted a health

2

service request about the breathing problems he was having. Defendant Kemmerling told plaintiff to stop taking Meloxicam.

OPINION

A prison official may violate the Eighth Amendment if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a layperson. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but disregard this need by consciously failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Consistent with this standard, plaintiff's medical care claim has three elements: (1) Did plaintiff need medical treatment?; (2) Did defendants know that plaintiff needed treatment?; (3) Despite his awareness of the need, did defendants consciously fail to take reasonable measures to provide the necessary treatment?

A claim for negligence under Wisconsin law is subject to a less demanding standard than a claim brought under the Eighth Amendment, requiring "the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860.

Plaintiff alleges that he has both asthma and a frozen shoulder, which causes severe pain that interferes with his daily activities, These allegations suggest that he has a serious medical need. However, it is a closer question whether plaintiff's allegations suggest that any of the defendants other than McArdle knew that he needed pain medication for his shoulder, or that any of the defendants acted with deliberate indifference or negligence to his serious medical needs.

### A.  Defendant McArdle

Plaintiff alleges that defendant McArdle saw him for his asthma and also responded to his complaints of shoulder pain by ordering an x-ray and prescribing muscle rub and acetaminophen. Because McArdle provided plaintiff some treatment, the relevant question under the Eighth Amendment is whether plaintiff's allegations suggest that McArdle's actions were "blatantly inappropriate," Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014), or "such a substantial departure from accepted professional judgment, practice, or standard, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996).

Under this standard, plaintiff has failed to state an Eighth Amendment claim against McArdle.

Although it is not entirely clear from his complaint, plaintiff seems to fault McArdle for not telling him that he already had a prescription for Meloxicam, which could pose adverse side effects for people with asthma. However, plaintiff does not allege that McArdle prescribed the Meloxicam or that she had any reason to know that the health care provider who prescribed it did not tell plaintiff about the drug or its side effects. For similar reasons, plaintiff's allegations fail to suggest that defendant McArdle breached any duty owed to plaintiff that would allow him to state a claim for negligence against her.

### B.  Defendants Pintz, Kemmerling and Does

Plaintiff's allegations against defendants Pintz, Kemmerling and Jane and John Does do not suggest that they were acting with deliberate indifference to plaintiff's medical needs. Plaintiff alleges that all of these defendants failed to provide him with alternative pain treatment after Kemmerling told him to stop taking the Meloxicam. However, for an individual defendant to be liable under § 1983, the defendant must have caused or participated in a constitutional violation. Hildebrandt, 347 F.3d at 1039. Apart from identifying Pintz and the Doe defendants as health care providers, plaintiff does not allege that these individuals saw or treated him, that they had any reason to know about his breathing problems or shoulder pain or that they breached any duty owed to him. Plaintiff's vague allegations that Pintz and the Doe defendants should have done something to help

him are not sufficient to state an Eighth Amendment or negligence claim against these individuals.

With respect to Kemmerling, plaintiff's allegations show that Kemmerling responded to plaintiff's concerns about his breathing by telling plaintiff to stop taking Meloxicam. Although plaintiff also apparently wanted Kemmerling to provide him with alternative pain treatment, plaintiff does not allege that he asked Kemmerling for additional help with his pain (plaintiff says that he submitted a health services request about his breathing problem), and it is not reasonable to infer from plaintiff's allegations that Kemmerling should have done more for plaintiff at that time. In his position as a nurse, Kemmerling presumably could not prescribe a new medication and knew that McArdle already had prescribed plaintiff acetaminophen for pain. Accordingly, plaintiff may not proceed on an Eighth Amendment or negligence claim against defendant Kemmerling.

C. Defendant Waterman

Plaintiff alleges that defendant Waterman "failed to investigate or act on information" that plaintiff was in pain and failed to "create, implement, supervise or procure staff compliance" with medication-related policies. However, he does not allege that Waterman, in her role as health services manager, was responsible for seeing patients, reviewing health service requests or treating plaintiff in particular. Even a supervisory official must have personally participated in the alleged conduct or facilitated it. It is not enough to show that a particular defendant is the supervisor of someone else who committed

a constitutional violation. In other words, defendant Waterman cannot be held responsible if other health services staff failed to respond to plaintiff's requests for treatment. Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

For a claim based on a failure to train, plaintiff would have to allege facts suggesting that Waterman was responsible for training health care staff about prescribing medications, identifying and informing inmates about medication side effects and offering alternative medications, and that she knew that her failure to train staff was likely to lead to a constitutional violation, but she failed to take reasonable steps to train the staff anyway. Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002). Plaintiff's allegation that Waterman was generally responsible for making sure that nurses received training does not meet this standard.

Finally, for similar reasons explained above, plaintiff's allegations fail to suggest that Waterman breached any duty owed to plaintiff that would allow him to state a claim for negligence against her. Accordingly, I conclude that plaintiff cannot proceed on an Eighth Amendment or negligence claim against defendant Waterman.

### D. Remaining Defendants

Because Maxim Physician Resources is a private company, plaintiff can sue it as a state actor under § 1983 only if he alleges that Maxim contracted to provide essential government services and had a "policy or custom" that caused the alleged constitutional

violation. Shields v. Illinois Department of Corrections, 746 F.3d 782, 790 (7th Cir. 2014) (citing Monell v. Department of Social Services, 436 U.S. 658, 691 (1978)). Plaintiff's complaint includes no allegations against Maxim besides the fact that it employed defendant McArdle. Therefore, plaintiff has failed to state any claim for relief against defendant Maxim Physician Resources.

Plaintiff also has not made any specific allegations against the Department of Corrections. In any event, he cannot proceed on an Eighth Amendment claim against the department because state agencies may not be sued under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 67 (1989) (only "persons" may be sued under § 1983); Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012). In addition, the Eleventh Amendment bars suits by private citizens against a state entity in federal court. Will, 491 U.S. at 64; Edelman v. Jordan, 415 U.S. 651, 663 (1973); Ryan v. Illinois Department of Children and Family Services, 185 F.3d 751, 758 (7th Cir. 1999). Accordingly, I conclude that plaintiff has failed to state any claim for relief against defendant Department of Corrections.

ORDER

IT IS ORDERED this case is DISMISSED for plaintiff James Reed's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28

U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 15th day of April, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge