IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES REED,

                                                                  OPINION AND ORDER

                        Plaintiff,

                                                                    20-cv-90-bbc

     v.

JOLINDA WATERMAN, SANDRA MCARDLE,
MAXIM PHYSICIAN RESOURCES, KEMMERLING,
NURSE PINTZ, DEPARTMENT OF CORRECTIONS
AND JOHN AND JANE DOES,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff James Reed, who is incarcerated at the Wisconsin Secure Program Facility, filed a proposed civil action under 42 U.S.C. § 1983, contending that staff at the facility failed to provide him adequate medical care for his frozen shoulder, in violation of the Eighth Amendment and state negligence law.  On April 15, 2020, I dismissed the complaint for plaintiff's failure to state a claim upon which relief may be granted against any of the defendants.  Before the court is plaintiff's motion for reconsideration of that order, in which he makes some new allegations against defendant Sandra McArdle.  Dkt. #11. Although plaintiff has clarified a few things about his interaction with McArdle, he has not shown that it was error to conclude that he failed to state an Eighth Amendment claim against her.  Therefore, plaintiff's motion for reconsideration will be denied.

OPINION

In his original complaint, plaintiff alleged that on April 3, 2019, he saw defendant Sandra McArdle, a nurse practitioner, for his asthma and for severe pain in his left shoulder, for which McArdle ordered an x-ray and prescribed muscle rub and acetaminophen. Plaintiff also alleged that unbeknownst to him, another provider already had prescribed him a stronger pain medication, Meloxicam, which was not delivered to his unit until May 3, 2019. Plaintiff alleged that he was not told anything about Meloxicam and that his use of it caused him to have severe breathing difficulties. Although plaintiff seems to fault defendant McArdle for not telling him that he already had a prescription for Meloxicam, which could pose adverse side effects for people with asthma, I found that plaintiff's allegations did not suggest that McArdle was responsible for prescribing the Meloxicam or that she had any reason to know that the health care provider who prescribed it did not tell plaintiff about the drug or its side effects.

In his motion for reconsideration, plaintiff now alleges that it was McArdle who prescribed the Meloxicam, which he did not receive for a month. Plaintiff also alleges that when he saw McArdle again on May 3, 2019, he told her that he had not received the drug and that she apologized and stated that she had forgotten to write it down. Plaintiff further alleges that he received the Meloxicam a few days later and that after taking it for two weeks, he experienced difficulties breathing. Plaintiff says that he filed a complaint against McArdle about her delay in getting him the medication as well as prescribing a medication that could be harmful to someone with asthma.

2

As I explained in my previous order, to state a claim that defendant McArdle violated the Eighth Amendment by denying him adequate and timely medical care, plaintiff must allege facts that: (1) he had a serious medical need; (2) McArdle knew that he needed medical treatment; and (3) McArdle consciously failed to take reasonable measures to provide the necessary treatment. Minix v. Canarecci, 597 F.3d 824, 831 (7th Cir. 2010); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Because McArdle provided plaintiff some treatment, the relevant question is whether plaintiff's allegations suggest that McArdle's actions were "blatantly inappropriate," Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014), or "such a substantial departure from accepted professional judgment, practice, or standard, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261-62 (7th Cir. 1996).

Although plaintiff's allegations about his asthma and frozen shoulder suggest that he had a serious medical need, his allegations do not suggest that defendant McArdle was deliberately indifferent to those medical needs. Plaintiff alleges that McArdle ordered an x-ray, gave him acetaminophen and prescribed a pain medication. Although he now alleges that McArdle forgot to record the prescription pain medication in his medical record, causing a one-month delay, these allegations suggest that McArdle made a one-time error. Further, McArdle did not have the opportunity to correct the error because plaintiff did not alert anyone about the missing pain medication until his next appointment on May 3, 2019, when McArdle corrected her mistake.

3

Plaintiff also alleges that he was never told about the potential side effects of Meloxicam for asthmatics and blames McArdle for the breathing difficulties he experienced after taking the medication. However, all medications have potential side effects, and plaintiff's allegations do not suggest that McArdle knew that Meloxicam posed a *substantial* risk of harm to plaintiff because of his asthma and that she consciously disregarded that risk. Phillips v. Wexford Health Sources, Inc., 522 Fed. Appx. 364, 367 (7th Cir. 2013) ("Without an allegation that the risks of these side effects were significant, let alone that the defendants knew them to be significant," plaintiff has failed to state a deliberate-indifference claim.); Burgess v. Mar, 395 Fed. Appx. 368, 368 (9th Cir. 2010) (failure to warn inmates of "potential side effects of pain medicine constitute[s] negligence at most, and not deliberate indifference"); Jetter v. Beard, 130 Fed. App'x 523, 526 (3d Cir. 2005) ("Dr. Roemer's alleged failure to inform Jetter of the side effects of Prednisone amounts to nothing more than negligence").

At most, plaintiff's new allegations suggest that McArdle was negligent in this case. Because negligence, gross negligence and inadvertent errors are insufficient to state a claim under the Eighth Amendment, Vance v. Peters, 97 F.3d 987, 992 (7th Cir. 1996), plaintiff has failed to state a constitutional claim against McArdle. In his original complaint, plaintiff states that he sought to bring a negligence claim against defendant McArdle. However, negligence is a state law claim and a federal court's authority to consider a state law claim is limited. Under 28 U.S.C. § 1332, a federal court can exercise jurisdiction over a state law claim when the plaintiff and defendants are citizens of different states and there is more than

4

$75,000 at stake. In this case, it appears that all parties are citizens of Wisconsin, so I cannot exercise jurisdiction under § 1332. If plaintiff wishes to sue any prison officials for negligence, he will have to do so in state court.

ORDER

IT IS ORDERED that plaintiff James Reed's motion for reconsideration, dkt. #11, is DENIED.

Entered this 2d day of June, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge